1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

October 27, 2025

**VIA ECF AND FEDEX**

Hon. Margo K. Brodie
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *In re Whaleco/Potter Handy Data Privacy Mass Actions*, No. 25-cv-04916-MKB
*In re Whaleco Privacy Litigation*, No. 25-cv-05854-MKB
Pre-Motion Letter for Defendant's Anticipated Motions to Compel Arbitration

Dear Judge Brodie,

The above-captioned cases, which are substantively identical and brought by the same law firm, were recently transferred from the Central District of California and reassigned to Your Honor. *See* Ord. Reassigning Case, *In re Whaleco/Potter Handy Data Privacy Mass Actions*, No. 25-cv-04916 (Sept. 16, 2025 E.D.N.Y.); Ord. Reassigning Case, *In re Whaleco Privacy Litigation*, No. 25-cv-05854-MKB-RML (Oct. 22, 2025 E.D.N.Y.). Pursuant to Section 3(A) of Your Honor's Individual Practices and Rules, Whaleco Inc., d/b/a Temu ("Temu"), respectfully submits this pre-motion letter and requests a pre-motion conference in connection with its anticipated motions to compel arbitration.

## A. Procedural Background

The above-captioned cases comprise nineteen substantively identical complaints filed against Temu by the law firm Potter Handy, LLP. *See, e.g.*, *Hart et al. v. Whaleco et al.*, No. 25-cv-04671 (C.D. Cal.), ECF No. 18 (ordering consolidation and noting "the filings across the cases are identical"). Each complaint is brought on behalf of 900+ individual Temu users. The complaints allege the same theory and assert the same or similar causes of action as the other related cases against Temu decided by or pending before Your Honor—*i.e.*, that Temu's e-commerce app is spyware. *See* Letter Request to Relate Cases, *In re Whaleco Privacy Litigation*, No. 25-cv-05854-MKB-RML (Oct. 24, 2025 E.D.N.Y.), ECF No. 21.[1] Indeed, Potter Handy appears to have copied the complaint in the *Ziboukh* case Your Honor recently adjudicated—as the opening paragraphs of the complaints here are lifted almost verbatim from the *Ziboukh*

[1] The other related cases are *Hu et al. v. Whaleco et al.*, No. 23-cv-06962-MKB-RML (E.D.N.Y.); *Ziboukh et al. v. Whaleco Inc. et al*., No. 24-cv-03733-MKB-RML (E.D.N.Y.); and *McMahan et al. v. Whaleco Inc. d/b/a Temu*, No. 25-cv-01590-MKB-CHK (E.D.N.Y.).

LATHAM & WATKINS LLP

complaint. *See* Mot. to Dismiss, or in the Alternative, Transfer, *In re Whaleco/Potter Handy Data Privacy Mass Actions*, at 4–5, ECF No. 16 (showing allegations copied from *Ziboukh* complaint).

Potter Handy has pursued these cases in violation of the Terms of Use ("Terms") that govern Plaintiffs' use of the Temu app (*see infra*). While the Terms contain a mandatory arbitration agreement, Ex. A (Terms) § 19, and, for any disputes not subject to arbitration, a New York forum selection clause, *id.* § 18.4, Potter Handy filed each case in California state court—which the Terms do not permit, whether the arbitration clause applies or not. Accordingly, Temu individually removed each of the 19 cases to the Central District of California. After the first eight actions Potter Handy filed were deemed related and were consolidated under a single case caption, Temu moved to dismiss or transfer those eight cases based on improper venue.[2] Plaintiffs opposed, arguing that they did not validly assent to the Terms. The court in the Central District of California rejected that argument and transferred *In re Whaleco/Potter Handy Data Privacy Mass Actions* to the Eastern District of New York, after which Plaintiffs stipulated to the transfer of the subsequent eleven actions. *See In re Whaleco/Potter Handy Data Privacy Mass Actions*, ECF No. 30; *In re Whaleco Privacy Litigation*, ECF No. 18.

### B. Plaintiffs Are Bound by the Arbitration Agreement in Temu's Terms of Use

Plaintiffs must arbitrate their claims because they assented to Temu's Terms, which contain a mandatory arbitration requirement. Your Honor's rulings in the *Hu* and *Ziboukh* cases fully apply here. *See Ziboukh v. Whaleco, Inc.*, 2025 WL 2355905, at *20–26 (E.D.N.Y. 2025) (compelling arbitration under the Terms in similar circumstances); *Hu v. Whaleco, Inc.*, 779 F. Supp. 3d 265, 274 (E.D.N.Y. 2024) (same). As in *Hu* and *Ziboukh*, Plaintiffs are Temu users, *see* Compl. ¶¶ 8–9, who proceeded through a registration prompt making clear that, by continuing, they agreed to the Terms.

For the same reasons the Court stated in *Hu* and *Ziboukh*, the registration prompt provided conspicuous notice of the Terms and was sufficient to create a valid agreement with Plaintiffs. *See Hu*, 779 F. Supp. 3d at 292 ("Because the Registration Screen appears uncluttered, is visible at once, and the notice and bolded hyperlinks are reasonably conspicuous and spatially and temporally coupled with a user's creation of an account, the Court finds that the Registration Screen provided Plaintiffs 'reasonably conspicuous notice' of the Terms 'in light of the whole [interface].'" (citation omitted)). Other courts have reached the same conclusion, including the transferor court here. Ord. Granting Motion to Transfer, *In re Whaleco/Potter Handy Data Privacy Mass Actions*, at 5, ECF No. 30 (rejecting Plaintiffs' argument that the registration screen was insufficient and noting that "other California courts examining identical or nearly identical Temu sign-in agreements to the agreements at issue have determined that the Terms of Use hyperlink sufficiently notified those plaintiffs") (citing cases); *Kohler v. Whaleco, Inc.*, 757 F. Supp. 3d 1112, 1124 (S.D. Cal. 2024) ("The Court finds that Plaintiff unambiguously assented to Temu's Terms by pressing the 'Continue' button multiple times prior to purchasing items on Temu's Website.");

[2] The initial group of eight cases that Potter Handy filed are consolidated under the caption *In re Whaleco/Potter Handy Data Privacy Mass Actions*, and the later-filed group of eleven cases are consolidated as *In re Whaleco Privacy Litigation*.

*Silva v. Whaleco, Inc.*, 2024 WL 4487421, at *3–5 (N.D. Cal. Oct. 10, 2024) ("[T]he Court finds that Plaintiff accepted Temu's Terms of Use through its website's 'sign-in wrap' process, which put Plaintiff on constructive notice of its Terms of Use."). Accordingly, Plaintiffs assented to the Terms, and they are bound by the arbitration agreement and class action waiver therein. Moreover, Plaintiffs are precluded from relitigating whether they assented to the Terms because the transferor court already decided that issue. *Griffin v. Sirva, Inc*., 291 F. Supp. 3d 245, 251-52 (E.D.N.Y. 2018) (Brodie, J.) ("[I]ssue preclusion[] bars the relitigation of an issue that was raised, litigated, and actually decided by a judgment in a prior proceeding … ." ); *Hill Dermaceuticals, Inc. v. Galderma, S.A.*, 2003 WL 21146634, at *1 (S.D.N.Y. May 15, 2003) ("[T]raditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court[.]").

The arbitration agreement and class action waiver in the Terms are enforceable and require arbitration of Plaintiffs' claims on an individual basis. *First*, Plaintiffs' claims are covered by the agreement because they relate to Plaintiffs' "access to or use of the Services." Ex. A (Terms) § 19.1. *Second*, even if there were any doubt that Plaintiffs' claims are covered by the arbitration agreement, those questions have been delegated to the arbitrator, who has exclusive authority to determine the enforceability and scope of the arbitration agreement, subject only to certain exceptions not applicable here. Ex. A (Terms) § 19.7; *see Hu*, 779 F. Supp. at 299; *Henry Schein v. Archer & White*, 586 U.S. 63, 69 (2019) ("[I]f a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue."). *Third*, the users waived their rights to bring any class action claims against Temu, irrespective of the arbitration agreement. Ex. A (Terms) § 19.4; *see, e.g.*, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011) (holding that class action waivers are enforceable under the FAA).

### C. Temu Is Entitled to Its Fees and Costs Incurred in Compelling Arbitration

Temu anticipates petitioning the Court for the fees and costs it has incurred and continues to incur in compelling arbitration, as provided under the Terms. *See* Ex. A (Terms) § 19.8. The manner in which Potter Handy has litigated these cases—filing nineteen duplicative cases, each on behalf of 900+ individuals, in the wrong forum—has imposed significant, unnecessary costs on the court systems and on Temu. *See Coles et al. v. Whaleco et al.*, 25-cv-04651, at 2 (C.D. Cal.), ECF No. 18. ("[T]he way Plaintiffs have chosen to litigate this action . . . will result in duplicative, unnecessary work for everyone involved . . . ."). Indeed, Potter Handy persisted in this course of action *even after* acknowledging their clients were bound by the Terms (a position they later backtracked from). To date, Potter Handy has declined Temu's requests that they voluntarily dismiss their cases and commence the pre-arbitration and arbitration processes required by the Terms.

For the foregoing reasons, Temu respectfully requests leave to file a motion to compel arbitration in each of the consolidated actions, as well as an order staying discovery and Temu's deadline to answer pending resolution of the motions to compel.

LATHAM & WATKINS LLP

Respectfully Submitted,



Serrin Turner
of LATHAM & WATKINS LLP

cc: All counsel of record (via ECF)