POTTER HANDY, LLP
A Law Firm

Mail:
100 Pine St., Ste. 1250
San Francisco, CA 94111

temulit@potterhandy.com
Phone: (415) 534-1911
Fax: (888) 422-5191

November 4, 2025

**VIA ECF AND FEDEX**

Hon. Margo K. Brodie
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *In re Whaleco/Potter Handy Data Privacy Mass Actions,* No. 25-cv-04916-MKB
*In re Whaleco Privacy Litigation,* No. 25-cv-05854-MKB
Pre-Motion Letter for Defendant's Anticipated Motions to Compel Arbitration

Dear Judge Brodie,

Pursuant to the Court's October 28, 2025, order (ECF No. 39), Plaintiff's counsel in the above-captioned cases respectfully submits this letter response to Defendants' pre-motion letter.

**A. Procedural Background**

Plaintiffs case against the Defendants is one of nineteen cases alleging the same set of facts and circumstances. In all cases the Plaintiffs are registered users of the Temu e-commerce platform. Plaintiffs asserts that such unauthorized and deceptive conduct violates both federal and California state laws, including but not limited to the Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, the California Comprehensive Data Access and Fraud Act, and, the California Invasion of Privacy Act. These cases along with related cases were filed in California state court and later removed to federal court. The cases have been consolidated and transferred from the Central District of California to the Eastern District of New York.

**B. Plaintiff's Are Not Bound to Arbitrate Their Case.**

**a. Collateral Estoppel**

As a preliminary matter, Plaintiffs are not collaterally estopped from opposing a motion to compel arbitration based on *Hu v. Whaleco, Inc*. (Case No. 23-CV-6962) and *Ziboukh v. Whaleco, Inc*. (Case No. 24-CV-3733) "Collateral estoppel applies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the *289 issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288–89 (2d Cir. 2002), citing *Boguslavsky v. Kaplan*, 159 F.3d 715, 720. Here, collateral estoppel does not apply because Plaintiffs were not parties to the *Hu* and *Ziboukh* matters. Therefore, Plaintiffs did not have a full and fair opportunity to litigate the issue.

**b. Section 19.4 Of Temu's Terms of Service Is Unconscionable Because It Creates A One-Sided Advantage For Defendants.**

Plaintiffs acknowledge the Court's decisions in *Hu* and *Ziboukh*, including the Court's findings that the unconscionability challenges are for the arbitrator to decide under the arbitration agreement's delegation provision. However, one exception to the delegation provision in Section in 19.7 of the Terms of Service is "any claim that all or part of Section 19.4 is unenforceable, illegal, void or voidable, or that Section 19.4 has been breached…" These issues "shall be decided only by a court of competent jurisdiction and not by an arbitrator."

Section 19.4 prohibits non-individualized relief, except as specified in Section19.9 which requires batch arbitrations. Section 19.4 reads:

YOU AND WE AGREE THAT, EXCEPT AS SPECIFIED IN SECTION 19.9, EACH OF US MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT ON A CLASS, REPRESENTATIVE, OR COLLECTIVE BASIS, AND THE PARTIES HEREBY WAIVE ALL RIGHTS TO HAVE ANY DISPUTE BE BROUGHT, HEARD, ADMINISTERED, RESOLVED, OR ARBITRATED ON A CLASS, COLLECTIVE, REPRESENTATIVE, OR MASS ACTION BASIS.ONLY INDIVIDUAL RELIEF IS AVAILABLE, AND DISPUTES OF MORE THAN ONE CUSTOMER OR USER CANNOT

BE ARBITRATED OR CONSOLIDATED WITH THOSE OF ANY OTHER CUSTOMER OR USER.

However, Section 19.9 requires demands be consolidated into batches of 100 cases and administered under "one procedural calendar, one hearing (if any) in a place to be determined by the arbitrator, and one final award…"

Accordingly, Plaintiffs intend to oppose Defendant's motion to compel based on the unconscionability of Section 19.4 because it creates a one-sided advantage for Defendant by prohibiting collective relief in court, but then compelling costly consolidated proceedings in arbitration. The Federal Arbitration Act was not intended to protect the type of mass arbitration models set forth in Temu's Terms of Service. See *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 690 (9th Cir. 2024)("The Supreme Court has consistently disparaged the use of aggregation in arbitration."). Therefore, the Court need not view Sections 19.4 and 19.9 in a light favorable to arbitration.

In the alternative, Plaintiffs will argue that Sections 19.4 and 19.9 are internally inconsistent and prevent the formation of a contract to arbitrate based on lack of mutual assent.

Importantly, severing Section 19.9 would cause the contract to fail: "For the avoidance of doubt, this means that, if Section 19.9 is found under the law to be invalid or unenforceable to any extent, then you agree that the entire Arbitration Agreement shall be of no force and effect." (Terms of Service, Section 19.11).

**c. Plaintiffs' Proposal to Stay the Matter and Proceed to Arbitration**

Alternatively, Plaintiffs propose that the parties stipulate to stay the action to allow the first batch of 100 cases to proceed to Informal Dispute Resolution, then to AAA for arbitration. Allowing one batch to proceed to a decision on the merits would give the parties an opportunity to re-evaluate their respective positions and potentially reach a resolution on the remaining claims. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).

**C. Defendant Temu Is Not Entitled To Fees And Costs.**

Plaintiffs contend that if compelled into arbitration, Defendant Temu is not entitled to Fees and Costs. A "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978). Here, as discussed above, Plaintiffs have a good faith argument against compelling arbitration. Further, Plaintiff contends that due to the complex nature of this case and claims assessing costs and fees to Plaintiffs would be difficult and potentially unenforceable.

For the foregoing reasons, Plaintiffs' request the court set a briefing schedule so that the parties have opportunity to fully brief the issues, or alternatively, Plaintiffs propose that the parties stipulate to stay the action to allow the first batch of 100 cases to proceed to Informal Dispute Resolution, then to AAA for arbitration.

Respectfully Submitted,

Krista Hemming,
of POTTER HANDY, LLP

cc: All counsel of record (via ECF)